1  TRACEY A. KENNEDY, Cal. Bar No. 150782
   tkennedy@sheppardmullin.com
2  MORGAN P. FORSEY, Cal. Bar No. 241207
   mforsey@sheppardmullin.com
3  MARLENE M. NICOLAS, Cal. Bar No. 245298
   mnicolas@sheppardmullin.com
4  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
5    Including Professional Corporations
   Four Embarcadero Center, 17th Floor
6  San Francisco, California  94111-4109
   Telephone:  415-434-9100
7  Facsimile:   415-434-3947

8  Attorneys for Defendants Taco Bell Corp.
   and Taco Bell of America, Inc.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12  CHRISTOPHER DUGGAN,                    Case No. CV 11 5806 (MEJ)
    individually, and on behalf of other
13  members of the general public similarly
    situated, and as aggrieved employees    **DEFENDANTS TACO BELL CORP.**
14  pursuant to the Private Attorneys       **AND TACO BELL OF AMERICA,**
    General Act ("PAGA"),                   **INC.'S NOTICE OF MOTION AND**
15                                          **MOTION TO DISMISS**
                    Plaintiff,              **PLAINTIFF'S THIRD CAUSE OF**
16                                          **ACTION AND TO STRIKE CLASS**
            v.                              **ALLEGATIONS PURSUANT TO**
17                                          **F.R.C.P. 12(b)(6) AND 12(f)**
    TACO BELL CORP., a California
18  corporation; TACO BELL OF
    AMERICA, INC. a Delaware               [Filed concurrently with Defendants'
19  corporation; and DOES 1 through 10,    Request for Judicial Notice and
    inclusive,                             Proposed Order]
20
                    Defendants
21
                                           **Date:    January 19, 2012**
22                                         **Time:    10:00 a.m.**
                                           **Place:   San Francisco Courthouse,**
23                                         **          Courtroom B - 15th Floor**
                                           **          450 Golden Gate Avenue,**
24                                         **          San Francisco, CA 94102**

25

26                                         [Complaint Filed:  Sept. 21, 2011]

27

28

                                    -1-

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................5

II. RELEVANT FACTS AND PROCEDURAL HISTORY .....................................6

    A.    Duggan's Employment with Taco Bell ........................................6

    B.    Duggan's First Lawsuit Against Taco Bell – Pending In The Eastern District .......................................................................6

    C.    Duggan's Second Lawsuit Against Taco Bell – This Instant Action – Duggan Class Action .............................................................9

III. LEGAL ARGUMENT ......................................................................................11

    A.    Legal Standard Regarding Motions To Dismiss And To Strike Class Allegations ...................................................................11

    B.    Duggan's Claims For Waiting Time Penalties Must Be Dismissed Because He Fails To State Facts To Support A Claim For Such Relief ........13

    C.    Duggan Fails to Allege Facts that Show His Claims Are Typical As Required By Federal Rule of Civil Procedure 23 ............................15

    D.    At A Minimum Duggan's Class Allegations With Regard To His Third And Fourth Causes Of Action Must Be Stricken................................16

    E.    A Class Cannot Be Certified Because Duggan and His Counsel Will Not "Adequately" Protect The Interests Of The Proposed Class...................17

IV. CONCLUSION...................................................................................................20

W02-WEST:1MMN1\404235172.2

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

TABLE OF AUTHORITIES

Page(s)

Cases

Adams v. Cal. Dep't of Health Servs.
    487 F.3d 684 (9th Cir. 2007)...........................................................................17, 18

Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.
    2005 U.S. Dist. LEXIS 45405 (N.D. Cal. 2005)...................................................17

City of San Jose v. Superior Ct.
    12 Cal. 3d 447 (1974)............................................................................................19

Collins v. Gamestop Corp.
    2010 WL 3077671 (N.D. Cal. 2010).....................................................................12

Deirmenjian v. Deutsche Bank, A.G.
    526 F. Supp. 2d 1068 (C.D. Cal. 2007).................................................................11

Fantasy, Inc., v. Fogerty
    984 F.2d 1524 (9th Cir. 1993)...............................................................................12

Feinstein v. Firestone Tire & Rubber Co.
    535 F. Supp. 595 (S.D.N.Y. 1982)........................................................................20

Gen. Tel. Co. v. Falcon
    457 U.S. 147 (1982).........................................................................................12, 15

In re Graphics Processing Units Antitrust Litigation
    253 F.R.D. 478 (N.D. Cal. 2008)..........................................................................15

Hanlon v. Chrysler Corp.
    150 F.3d 1011 (9th Cir. 1998)...............................................................................17

Hanon v. Dataproducts Corp.
    976 F.2d 497 (9th Cir. 1992).................................................................................16

Hilton v. Atlas Roofing Corp.
    2006 WL 3524295 (E.D. La. 2006) .......................................................................20

Kruegger v. Wyeth, Inc.
    2008 WL 481956 (S.D.Cal. 2008) .........................................................................19

Lierboe v. State Farm Mutual Automobile Ins. Co.
    350 F.3d 1018 (9th Cir. 2003)...............................................................................16

Mars Inc. v. Nippon Conlux Kabushiki-Kaisha
    58 F.3d 616 (Fed. Cir. 1995).................................................................................17

DEFENDANTS' NOTICE OF MOTION & MOTION TO
                                                 DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

Molski v. Gleich
   318 F.3d 937 (9th Cir. 2003)................................................................................. 17

Montecino v. Spherion
   427 F. Supp. 2d 965 (C.D. Cal. 2006)................................................................. 13

Moreno v. Autozone, Inc.
   U.S. Dist LEXIS 43873 (N.D. Cal. 2007)........................................................... 14

Pence v. Andrus
   586 F.2d 733 (9th Cir. 1978)........................................................................ 15, 16

Pineda v. Bank of America, N.A.
   50 Cal.4th 1389 (2010)......................................................................................... 13

Pulido v. Coca-Cola Enterprises, Inc.
   2006 U.S. Dist. LEXIS 43765 (2006) ................................................................. 15

Ross-Randolph v. Allstate Ins. Co.
   2001 U.S. Dist. LEXIS 25645 (D. Md. 2001)..................................................... 12

Sanchez v. Wal Mart Stores, Inc.
   2009 WL 1514435 (E.D.Cal. 2009) .................................................................... 19

Sidney-Vinstein v. A.H. Robbins Co.
   697 F.2d 880 (9th Cir. 1983)............................................................................... 12

Sosna v. Iowa
   419 U.S. 393 (1975) ............................................................................................ 15

Thompson v. Merck & Co.
   2004 U.S. Dist. LEXIS 540 (E.D. Pa. 2004) ...................................................... 12

Statutes

Federal Rule of Civil Procedure Rule 23 .............................................................*passim*

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................... 11, 12

Federal Rules of Civil Procedure Rule 12(f).............................................. 11, 12, 16

California Business and Professions Code §§ 17200, et seq............................ 7, 8, 9, 11

California Code of Civil Procedure § 338(a) ......................................................... 13

California Code of Civil Procedure § 340................................................................ 14

California Labor Code §§ 201 and 202 ................................................... 8, 9, 11, 13

California Labor Code §§ 201, 202 and 203 ............................................. 13, 14, 15, 16

W02-WEST:1MMN1\404235172.2

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

California Labor Code §§ 221 and 224 ............................................................... 9, 10

California Labor Code §§ 1194, 1197 and 1197.1 ............................................... 8, 9

California Labor Code §§ 2800 and 2802 ........................................................... 8, 10

W02-WEST:1MMN1\404235172.2

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 19, 2012 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Maria-Elena James, United States District Court for the Northern District of California, located at 450 Golden Gate Ave, San Francisco, California, 95102, defendants Taco Bell Corp. and Taco Bell of America, Inc. (collectively "Defendants" or "Taco Bell") will and hereby do move the Court to dismiss, under Federal Rule of Civil Procedure 12(b)(6), Duggan's third cause of action for statutory "waiting time" penalties pursuant to the California Labor Code sections 210, 202, 203 and his derivative claim for penalties pursuant to the California Labor Code section 2699. This motion is made on the grounds that Duggan fails to state a claim upon which relief may be granted.  The Complaint fails to state any facts to support Duggan's claim that he is a former employee, or that he separated from employment with Defendants within the statute of limitations period to qualify for "waiting time" penalties.

Additionally, and in the alternative, Defendants move to strike the following allegations under Federal Rule of Civil Procedure 12(f):  1) General Class Allegations at ¶ ¶ 15, 16, 17, 18, 19, 20, 21, 21(a) -21(h), 22, 22(a)-(e); 2) Third Cause of Action at ¶ ¶  50-55; 3) Class Based Prayers for Relief at ¶ ¶ 2, 3, 4; 4) Prayer for Relief as to the Third Cause of Action at ¶ ¶ 15, 16, 17, 18, 19, 20; reference to "Class Members" in ¶ ¶ 27, 28, 29, 30, 40, 41, 42, 44, 47, 48, 49, 66, 67; reference to "Class Members" in Prayer for Relief ¶ ¶ 5, 9, 20, 23 and 24; reference to California Labor Code sections 201, 202, 203 in ¶ ¶ 36, 59(c), 62, 66; and, reference to California Labor Code sections 201, 202, 203 in Prayer for Relief ¶ ¶ 20, 21.  This Motion to Strike is made on the grounds that Duggan lacks standing

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

to bring a claim for waiting time penalties, on behalf of himself or as a class, he has impermissibly engaged in claim-splitting rendering him inadequate to represent the putative class, and he has failed to allege that his claims are typical of the class he seeks to represent or that he is an adequate class representative.

The Motion to Dismiss and Motion to Strike are based on this Notice, Defendants' Memorandum of Points and Authorities, Request for Judicial Notice, all pleadings and documents on file herein, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

Dated:  December 9, 2011          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/ Morgan P. Forsey
          TRACEY A. KENNEDY
          MORGAN P. FORSEY
          MARLENE M. NICOLAS
       Attorneys for TACO BELL CORP. and
       TACO BELL OF AMERICA, INC.

W02-WEST:1MMN1\404235172.2

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

## STATEMENT OF RELIEF SOUGHT

1. That the Court dismiss, under Federal Rule of Civil Procedure 12(b)(6), Duggan's third cause of action seeking, on behalf of himself and the putative class, statutory "waiting time" penalties pursuant to the California Labor Code sections 210, 202, 203.

2. That the Court dismiss, under Federal Rule of Civil Procedure 12(b)(6), Duggan's derivative claim, in the fourth cause of action, seeking, on behalf of himself and the putative class, statutory "waiting time" penalties pursuant to the California Labor Code section 2699.

3. That the Court strike the following allegations under Federal Rule of Civil Procedure 12(f):  1) General Class Allegations at ¶ ¶ 15, 16, 17, 18, 19, 20, 21, 21(a) -21(h), 22, 22(a)-(e); 2) Third Cause of Action at ¶ ¶ 50-55; 3) Class Based Prayers for Relief at ¶ ¶ 2, 3, 4; 4) Prayer for Relief as to the Third Cause of Action at ¶ ¶ 15, 16, 17, 18, 19, 20; 5) reference to "Class Members" in ¶ ¶ 27, 28, 29, 30, 40, 41, 42, 44, 47, 48, 49, 66, 67; 6) reference to "Class Members" in Prayer for Relief ¶ ¶ 5, 9, 20, 23 and 24; 7) reference to California Labor Code sections 201, 202, 203 in ¶ ¶ 36, 59(c), 62, 66; and, 8) reference to California Labor Code sections 201, 202, 203 in Prayer for Relief ¶ ¶ 20, 21.  This Motion to Strike is made on the grounds that Duggan lacks standing to bring a claim for waiting time penalties, on behalf of himself or as a class, he has impermissibly engaged in claim-splitting rendering him inadequate to represent the putative class, and he has failed to allege that his claims are typical of the class he seeks to represent or that he is an adequate class representative.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On September 21, 2011, *current* employee, Plaintiff Christopher Duggan ("Duggan") filed a purported class action complaint (the "Complaint") alleging five employment-related causes of action against his employers, Defendants Taco Bell Corp. and Taco Bell of America, Inc. (collectively "Defendants" or "Taco Bell"). Duggan seeks to represent a putative class of current *and former* Taco Bell employees who work or have worked for Taco Bell in California with four years of his filing the Complaint.  He also seeks to represent a subclass of current *and former* Taco Bell employees who work or have worked for Taco Bell in California with one year of his filing the Complaint.  Duggan's third cause and fourth causes of action seek statutory penalties under the California Labor Code for failure to pay all wages due at termination, "waiting time" penalties. *Such penalties are only available to former employees*.  Given that *Duggan is a current employee*, he lacks standing to assert a "waiting time" penalty claim, and he lacks the requisite typicality to represent a putative class of individuals that includes former employees. Accordingly, Duggan's third cause of action and his claim for waiting time penalties under the California Private Attorneys' General Act ("PAGA"), brought as part of the forth cause of action, must be dismissed.

Further, Duggan's Complaint fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 23.  Duggan fails to allege facts showing that he has standing to bring all the claims he asserts.  Thus, he has not adequately pled typicality and adequacy, as he must under Rule 23.  Further, as detailed below, Duggan's class allegations are deficient.  Therefore, Duggan's class allegations must be stricken and all references to the purported class must also be stricken.

Finally, Federal Rule 23(a)(4) requires the named plaintiffs to show that they will adequately represent the interests of the class.  However, by bringing this action, Duggan and his counsel, Initiative Legal Group, have engaged in claim-

-5-

1  splitting and have created an irreconcilable conflict between his interests and those

2  of the putative class in this case, as well as the putative class in <u>In re Taco Bell</u>

3  <u>Wage and Hour Class Action</u> pending in the Eastern District of California, Case No.

4  CV-F-07-1314 OWW/DLB.  This constitutes a dereliction of their fiduciary duties

5  to the absent class members in each case.  It is well established that a party may not

6  split a cause of action into separate grounds of recovery and raise the separate

7  grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the

8  grounds of recovery arising from a single transaction or series of transactions.  By

9  splitting potential claims of absent class members, Duggan and his counsel have

10  acted contrary to the interests of those absent members.  For this reason, Duggan

11  and his counsel are irreparably inadequate and this Court should strike all class

12  allegations.

13  ## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

14  **A.    <u>Duggan's Employment with Taco Bell</u>**

15         Duggan is a current employee of Defendants.  (Request for Judicial Notice, ¶

16  2, Ex. 2, ¶ 24 at 6:2-4) (alleging that he was employed as "non-exempt non-

17  management" employee from April 2009 to October 2010, however, not alleging

18  that he is a former employee).  Although Duggan tries to obscure the fact in the

19  Complaint, Duggan has worked for Defendants twice.  Duggan initially worked for

20  Defendants as a non-exempt hourly employee from October 2007 to August 2008.

21  (RJN, ¶ 1, Ex. 1, ¶ 41 at 12:9-11.)  Duggan renewed his employment with

22  Defendants as a non-exempt hourly employee, in April 2009.  (RJN, ¶ 2, Ex. 2, ¶ 24

23  at 6:2-4.)

24  **B.    <u>Duggan's First Lawsuit Against Taco Bell – Pending In The Eastern</u>**

25  **<u>District</u>**

26         On November 29, 2010, former Taco Bell employee Teresa Nave filed a

27  putative class action lawsuit against Taco Bell of America, Inc. and Taco Bell Corp.

28  (RJN, ¶ 3, Ex. 3.)  The lawsuit, entitled <u>Nave v. Taco Bell of America, Inc., et al.</u>

-6-

DEFENDANTS' NOTICE OF MOTION & MOTION TO
                                                          DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1   Eastern District Case No. 10-CV-0222-OWW-DLB (the "Nave Class Action"),

2   alleges that Taco Bell violated a number of California state wage and hour laws.

3   (Id.)  In that complaint, Ms. Nave seeks to represent a putative class consisting of

4   current and former non-exempt hourly Taco Bell employees who worked for Taco

5   Bell in California.  Specially, Ms. Nave alleges that Taco Bell failed to pay her, and

6   putative class members, all accrued and unused vacation pay at separation, and

7   failed to provide them with rest periods in accordance with California law.  (Id.)

8   Ms. Nave further alleges that she and putative class members are owed statutory

9   "waiting time" penalties for failure to pay all wages due at separation of

10  employment and she seeks restitution of all funds allegedly withheld under

11  California Business and Professions Code sections 17200, et seq.  (Id.)

12          On November 29, 2010, Ms. Nave filed a Notice of Related Case, in which

13  she related the Nave Class Action to the putative class action lawsuit In re Taco Bell

14  Wage and Hour Actions ("In re Taco Bell") pending in the Eastern District of

15  California, Case No. CV-F-07-1314 OWW/DLB.  (RJN, ¶ 4, Ex. 4.)  Ms. Nave

16  represented to the Court that the Nave Class Action is related to In re Taco Bell

17  because it involves the same defendants (Taco Bell Corp. and Taco Bell of America,

18  Inc.), it arises from the same or substantially similar transactions, occurrences and

19  events, or involves similar or identical claims, and calls for a determination of the

20  same or substantially similar questions of law and fact.  (RJN, ¶ 4, Ex. 4, at 2:1-11.)

21          On December 9, 2010, Ms. Nave filed a First Amended Complaint, adding

22  current Taco Bell employee Christopher Duggan, the named plaintiff in the instant

23  action, as a named plaintiff in the Nave Class Action.  (RJN, Ex. 3.)  The original

24  Complaint was not otherwise amended and the causes of action remained the same.

25          On December 14, 2010, pursuant to a stipulation of the parties, the Eastern

26  District entered an order consolidating the Nave Class Action with In re Taco Bell,

27  pursuant to the Court's June 9, 2009, Pretrial Order Regarding Consolidation of

28  Pending Actions and Appointment of Initiative Legal Group LLP as Interim Lead

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1  Counsel.  (RJN, Ex. 5 - May 19, 2009 Memorandum of Decision and Order

2  Granting Defendants' Motion for Consolidation).  Initiative Legal Group LLP,

3  interim lead counsel in the <u>In re Taco Bell</u> matter, is Duggan's counsel in the instant

4  case.

5     On May 17, 2011, Initiative Legal Group filed the First Amended

6  Consolidated Complaint ("FAC") in the <u>In re Taco Bell</u> action.  As set forth in that

7  FAC, Duggan, and other named plaintiffs, seek individual and class-wide relief for

8  the following alleged violations, which include, but are not limited to:

9     •   Violation of Labor Code § 1194 (Unpaid Minimum Wages) for "All

10        non-exempt hourly-paid employees of TACO BELL CORP. and/or

11        TACO BELL OF AMERICA, INC. in the state of California from

12        September 7, 2003 until the resolution of this lawsuit;"

13    •   Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed

14        Business Expenses, including but not limited to "costs of required

15        shoes") for "All non-exempt hourly-paid employees of TACO BELL

16        CORP. and/or TACO BELL OF AMERICA, INC in the state of

17        California who incurred business-related expenses and costs [including

18        but not limited to "costs of required shoes"] that were not reimbursed

19        from September 7, 2003 until the resolution of this lawsuit;"

20    •   Violation of California Labor Code §§ 201 and 202 (Non-Payment of

21        Wages Upon Termination) for "All non-exempt hourly-paid employees

22        of TACO BELL CORP. and/or TACO BELL OF AMERICA, INC in

23        the state of California who were not timely tendered their wages upon

24        termination of employment from September 7, 2004 until the resolution

25        of this lawsuit;" and,

26    •   Violation of California Business and Professions Code §§ 17200, <u>et</u>

27        <u>seq</u>. seeking "restitution of the wages withheld and retained by

28

-8-

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1    Defendants during a period that commences on September 7, 2003" and

2    which extends until the resolution of the lawsuit.

3  (RJN, Ex. 1.)

4  **C.   Duggan's Second Lawsuit Against Taco Bell – This Instant Action –**

5  **Duggan Class Action**

6    On September 21, 2011, nine months after his first lawsuit was consolidated

7  with In re Taco Bell, Initiative Legal Group filed a putative class action complaint

8  against Taco Bell Corp. and Taco Bell of America, Inc. in the San Francisco County

9  Superior Court on his behalf ("Duggan Class Action").  (RJN, Ex. 2.)

10    The Complaint seeks wages, penalties, restitution, and declaratory and

11  injunctive relief from Defendants based on the following causes of action:

12  (1) Violation of California Labor Code §§ 221 and 224, for unlawful deductions

13  from Plaintiff's and putative class members' paychecks for shoes; (2) Violation of

14  California Labor Code §§ 1194, 1197 and 1197.1 for unpaid minimum wages;

15  (3)Violation of California Labor Code §§ 201 and 202 for failure to timely pay

16  owed wages upon separation; (4) penalties under the California Private Attorneys'

17  General Act ("PAGA") for violations of Labor Code sections 221, 224, 1194, 1197,

18  1197.1, 201, 202, and 204, which include a claim for penalties for failure to pay all

19  wages due at separation from employment; and (5) Violation of California Business

20  & Professions Code §§ 17200, et seq.  (Complaint.)

21    In the instant Complaint, Duggan purports to act on behalf of a putative class

22  and subclass of:

23    "All non-exempt hourly paid employees who worked for Defendants in

24    a California Taco Bell restaurant in a non-management position within

25    four years prior to the filing of this complaint until the date of

26    certification and had one or more deductions to their paychecks for

27    shoes," and

28

-9-

"All non-exempt hourly paid employees who worked for Defendants in a California Taco Bell restaurant in a non-management position within one year prior to the filing of this complaint until the date of certification and had one or more deductions to their paychecks for shoes."

(RJN, Ex. 2, ¶¶ 17 and 18.)

Thus, in the <u>Duggan Class Action</u>, Duggan seeks to represent a putative class consisting of current and former non-exempt hourly Taco Bell employees who worked for Taco Bell in California since September 21, 2007. Significantly, as demonstrated in the chart below, the <u>Duggan Class Action</u> alleges substantially similar, indeed nearly identical, causes of action as those alleged in <u>In re Taco Bell</u>:

|  | In re Taco Bell | Duggan v. Taco Bell |
|---|---|---|
| Named Plaintiff(s) | Christopher Duggan, among several other named Plaintiffs | Christopher Duggan |
| Identical Counsel | Initiative Legal Group APC, interim lead class counsel | Initiative Legal Group APC |
| Claims | Violation of Labor Code § 1194 (Unpaid Minimum Wages) from September 7, 2003 until the resolution of the lawsuit; | Violation of Labor Code § 1194 (Unpaid Minimum Wages) from September 21, 2007 until the resolution of the lawsuit; |
|  | Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses, including but not limited to "costs of required shoes") from September 7, 2003 until the resolution of the lawsuit; | Violation of California Labor Code §§ 221 and 224 (Unlawful deductions for required shoes) from September 21, 2007 until the resolution of the lawsuit; |

| | Violation of California Labor Code §§ 201 and 202 (Non-Payment of Wages Upon Termination) from September 7, 2004 until the resolution of this lawsuit; and, | Violation of California Labor Code §§ 201 and 202 (Non-Payment of Wages Upon Termination) from September 21, 2007 until the resolution of the lawsuit; and, |
| --- | --- | --- |
| | Violation of California Business and Professions Code §§ 17200, et seq. seeking "restitution of the wages withheld and retained by Defendants" during a period that commences on September 7, 2003 and which extends until the resolution of the lawsuit. | Violation of California Business and Professions Code §§ 17200, et seq. seeking "restitution of the wages withheld and retained by Defendants" during a period that commences on September 21, 2007 and which extends until the resolution of the lawsuit. |

(*Cf.* RJN, Exs. 1 and 2.)

On December 2, 2011, Defendants removed the <u>Duggan Class Action</u> to this Court.  (RJN, Ex. 6.)

## III.   LEGAL ARGUMENT

**A.**   <u>**Legal Standard Regarding Motions To Dismiss And To Strike Class Allegations**</u>

Dismissal of a cause of action is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when there is either a "lack of [a] cognizable legal theory" to support a claim for relief, or an "absence of sufficient facts alleged under a cognizable legal theory." <u>Deirmenjian v. Deutsche Bank, A.G.</u>, 526 F. Supp. 2d 1068, 1073 (C.D. Cal. 2007).

Federal Rules of Civil Procedure Rule 12(f) provides a mechanism through which a court may strike any material fact in a complaint that is "redundant,

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1  immaterial, impertinent, or scandalous," or any alleged fact or allegation that is
2  legally defective and is not susceptible to dismissal through a motion under Rule
3  12(b)(6).  Fantasy, Inc., v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on
4  other grounds, 510 U.S. 517, 534-35 (1994).  The function of a motion to strike is
5  "to avoid the expenditure of time and money that may arise from litigating spurious
6  issues by dispensing with those issues prior to trial."  Sidney-Vinstein v. A.H.
7  Robbins Co., 697 F.2d 880, 886 (9th Cir. 1983).  It is well-established that class
8  allegations are appropriate for dismissal through a motion to strike.  See, e.g.,
9  Collins v. Gamestop Corp., 2010 WL 3077671, * 3 (N.D. Cal. Aug. 6, 2010)
10  (granting in part defendant's motion to strike class allegations: "[A] court may grant
11  a motion to strike class allegations if it is clear from the complaint that the class
12  claims cannot be maintained").  Rule 12(f) applies to Duggan's Complaint.

13       Where it is clear from the face of a complaint that the proposed class claims
14  are fatally defective, the better course is to forgo class certification discovery and
15  simply strike the class action allegations.  See Gen. Tel. Co. v. Falcon, 457 U.S.
16  147, 160 (1982) ("[s]ometimes the issues are plain enough from the pleadings" to
17  show that a class should not be certified). See also, e.g., Thompson v. Merck & Co.,
18  No. 2:01cv1004, 2004 U.S. Dist. LEXIS 540, at *8-9 (E.D. Pa. Jan. 6, 2004)
19  (striking class allegations where "[n]o amount of additional class discovery [would]
20  alter" conclusion that plaintiff's claims could not meet Rule 23 requirements); Ross-
21  Randolph v. Allstate Ins. Co., No. DKC 99-3344, 2001 U.S. Dist. LEXIS 25645, at
22  *14, *32 (D. Md. May 11, 2001) (striking class allegations and refusing to permit
23  class discovery because "[i]n determining whether a party complies with Rule 23, a
24  court does not have to wait until class certification is sought").

25       Here, both Rule 12(b)(6) and 12(f) apply to Duggan's Complaint.  As set forth
26  in detail below, it is clear from the pleadings that Duggan fails to plead a cause of
27  action for statutory waiting time penalties, fails to allege facts sufficient to show that
28  his claims are typical of the class he seeks to represent and, therefore, fails to

-12-

1   establish that he is an adequate class representative.  Further, Duggan and his

2   counsel, Initiative Legal Group, cannot satisfy the adequacy requirements for class

3   certification under Federal Rule of Civil Procedure 23(a) because they have engaged

4   in improper claim-splitting. Thus, Duggan's third cause of action and his claim in his

5   fourth cause of action for statutory "waiting time" penalties should be dismissed and

6   his class claims should be stricken as a matter of law.

7   **B.      Duggan's Claims For Waiting Time Penalties Must Be Dismissed**

8   **Because He Fails To State Facts To Support A Claim For Such Relief**

9     Duggan's third and forth causes of action seek penalties pursuant to

10  California Labor Code § § 201, 202 and 203 for non-payment of wages at separation

11  from employment.  Complaint ¶ ¶ 50-55 and 59(c).  These penalties ("waiting time

12  penalties") are available to employees who were not timely paid all wages owed at

13  separation from employment.  See Cal. Labor Code § § 201, 202 and 203.  The

14  statute of limitations for a cause of action under Labor Code sections 201, 202, and

15  203 is three years.  Pursuant to California Code of Civil Procedure § 338(a), a three-

16  year statute of limitations applies to "[a]n action upon a liability created by a

17  statute," such as the liabilities created by Sections 201 and 202.  Duggan's claim for

18  penalties under Section 203 – a cause of action that derives directly from alleged

19  violations of Sections 201 and 202 – therefore is subject to the same statute of

20  limitations as Labor Code sections 201 and 202, i.e., three years.  See Pineda v.

21  Bank of America, N.A., 50 Cal.4th 1389, 1398 (2010); Montecino v. Spherion, 427

22  F. Supp. 2d 965 (C.D. Cal. 2006) (granting similar motion to strike and holding that

23  Section 203 payments are subject to three-year statute of limitations).  In Montecino,

24  the court held that Section 203 payments are "penalties" and are subject to a three-

25  year statute of limitations.

26    In his fourth cause of action, Duggan also asserts a claim for the same

27  statutory waiting time penalties under PAGA.  Under PAGA the statute of

28

-13-

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1 limitations is one year. <u>See</u> Cal. Code of Civil Pro. § 340; <u>Moreno v. Autozone,</u>

2 <u>Inc.</u>, U.S. Dist LEXIS 43873 at *5 (N.D. Cal. June 5, 2007).

3      Duggan is a current employee of Defendants. (RJN, Ex. 2, ¶ 24 [alleging that

4 he was employed as "non-exempt non-management" from April 2009 to October

5 2010, however, not alleging that he is a former employee]). Although in the

6 Complaint Duggan tries to obscure his status as a current employee, Duggan has

7 worked for Taco Bell twice.[1] Duggan initially worked for Defendants as a non-

8 exempt hourly employee from October 2007 to August 2008. (RJN, Ex. 1, ¶ 41 at

9 12:9-11). Duggan then renewed his employment with Defendants as a non-exempt

10 hourly employee in April 2009. (RJN, Ex. 2, ¶ 24 at 6:2-4). In the <u>Nave Class</u>

11 <u>Action</u> Complaint, Duggan specifically alleges that he was employed from October

12 31, 2007 to "August 2008." (RJN, Ex. 3, ¶ 23)

13      As a current employee, Duggan lacks standing to bring a statutory "waiting

14 time" penalty claim based on his current employment, which has not ended. As a

15 former employee with his employment ending in August 2008, any claim for

16 waiting time penalties associated with his first employment stint with Defendants

17 should have been brought before August 2011. Duggan filed this Complaint on

18 September 21, 2011, more than three years after his separation in August 2008.

19 Because he is beyond the three-year statute of limitations, he cannot assert a claim

20 for waiting time penalties in connection with his prior employment with Defendants.

21      Thus, as a matter of law, Duggan does not have a valid claim for penalties

22 under Section 203 and, likewise, cannot assert such a claim on behalf of a purported

23 _____

24 [1] This is will not be the first time that Initiative Legal Group (ILG) has submitted less than accurate information to the courts. Indeed, ILG has previously been

25 declared inadequate class counsel for behavior similar to its actions in the instant case. Specifically, in <u>Gerard v. Orange Coast Mem'l Med. Ctr.</u>, Orange County

26 Superior Court Case No. 30-2008-00096591, ILG sought appointment as class counsel in a California wage and hour case. The Gerard court found that ILG could

27 "not adequately represent the class" because there was "doubt as to whether the court would be 'able to rely on the accuracy of submissions . . . by counsel.'" (<u>See</u>

28 RJN, Exh. 7 at Minute Order page 1)

-14-

1   class of terminated employees.  See, e.g., Pence v. Andrus, 586 F.2d 733, 737 (9th

2   Cir. 1978) (citing Warth v. Seldin, 422 U.S. 490, 502 (1975)); Pulido v. Coca-Cola

3   Enterprises, Inc., 2006 U.S. Dist. LEXIS 43765 (May 25, 2006) (granting motion to

4   dismiss cause of action under Section 203 because the named plaintiffs were still

5   employed by the defendant and, accordingly, could not properly seek penalties

6   under Section 203 on behalf of terminated class members.)  Accordingly, Duggan's

7   third cause of action for statutory waiting time penalties pursuant to Labor Code

8   § § 201, 202 and 203, and his derivative claim for penalties in his fourth cause of

9   action, must be dismissed.

10   **C.**     **Duggan Fails to Allege Facts that Show His Claims Are Typical As**

11          **Required By Federal Rule of Civil Procedure 23**

12          In order to proceed by way of a collective action, a plaintiff must establish

13   that the requirements Federal Rule of Civil Procedure Rule 23 are met.  Rule 23

14   states, in relevant part:

15          (a)     Prerequisites.  One or more members of a class may sue or be

16          sued as representative parties on behalf of all members only if:…

17          (3)     The claims or defenses of the representative parties are typical of

18          the claims or defenses of the class.

19   Fed. Rule Civ. Proc. 23.

20          The "typicality" requirement ensures "that the named plaintiffs have

21   incentives that align with those of absent class members so as to assure that the

22   absentees' interests will be fairly represented."  In re Graphics Processing Units

23   Antitrust Litigation, 253 F.R.D. 478, 489 (N.D. Cal. 2008).  "[A] class

24   representative must be part of the class and possess the same interest and suffer the

25   same injury as the class members."  Gen. Tel. Co. of Southwest v. Falcon, 457 U.S.

26   147, 156 (1982); see also Sosna v. Iowa, 419 U.S. 393, 403 (1975) ("A litigant must

27   be a member of the class he or she seeks to represent at the time the class action is

28   certified by the district court).  "The test for typicality is whether other members of

-15-

1  the proposed class have the same or similar injuries, whether the action is based on

2  conduct which is not unique to the named plaintiffs, and whether other class

3  members have been injured by the same conduct." <u>Hanon v. Dataproducts Corp.</u>,

4  976 F.2d 497, 508 (9th Cir. 1992).

5       Duggan seeks to represent a putative class that includes Defendants' former

6  employees.  However, as detailed above, Duggan's claims are not typical of those he

7  seeks to represent because he is a current employee and does not have an actionable

8  claim for statutory waiting time penalties.  Thus, Duggan's individual and class

9  claims for waiting time penalties must be dismissed because he lacks standing to

10 bring them.

11 **D.    <u>At A Minimum Duggan's Class Allegations With Regard To His Third</u>**

12       **<u>And Fourth Causes Of Action Must Be Stricken</u>**

13       As set forth fully above, Duggan has no standing to bring his third cause of

14 action or make claims for waiting time penalties in his fourth cause of action.

15 Duggan's third cause of action seeks waiting time penalties under Labor Code

16 section 203 for himself and a putative class of all employees who were formerly

17 employed by Defendants.  (<u>See</u> RJN, Ex. 2, ¶ ¶ 50-55).  Duggan also seeks the same

18 penalties under PAGA in his fourth cause of action.  (<u>Id</u>. ¶ 59(c).)  It is undisputed

19 that waiting time penalties are only available to individuals who have already

20 terminated their employment. <u>See</u> Labor Code § 203.  Indeed, as a named plaintiff,

21 Duggan must show that he has personally been injured, not simply that injury has

22 been suffered by other, unidentified members of the class he represents. <u>Pence</u>, 586

23 F.2d at 736-737; <u>see</u>, <u>also</u>, <u>Lierboe v. State Farm Mutual Automobile Ins. Co.</u>, 350

24 F.3d 1018, 1022 (9th Cir. 2003).  Accordingly, because Duggan does not have a

25 valid claim for penalties under Section 203 on behalf of a purported class of

26 separated employees, these claims and the derivative class allegations must be

27 stricken pursuant to Rule 12(f).

28

-16-

DEFENDANTS' NOTICE OF MOTION & MOTION TO
                                                DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

**E.     A Class Cannot Be Certified Because Duggan and His Counsel Will Not "Adequately" Protect The Interests Of The Proposed Class**

Federal Rule 23(a)(4) requires the named plaintiffs to show that they will adequately represent the interests of the class. "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1023 (9th Cir. 1998); see also Molski v. Gleich, 318 F.3d 937, 955 (9th Cir. 2003). Here, Defendants challenge Duggan's adequacy on the grounds that he has engaged in impermissible "claim-splitting."

**1.     Applicable Law Regarding Claim-splitting**

It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together. Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995). The rule against claim-splitting (also referred to as the rule against duplicative litigation) is related to res judicata, in that both doctrines are intended to foster judicial economy and protect parties against vexatious and expensive litigation. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 692-693 (9th Cir. 2007). In particular, the claim-splitting doctrine applies to bar a plaintiff from filing a new lawsuit after failing to assert all claims in an earlier action. See e.g., Biogenex Labs., Inc. v. Ventana Med. Sys., Inc., No. 05-860-JF, 2005 U.S. Dist. LEXIS 45405, at *8-10 (N.D. Cal. Aug. 5, 2005) (dismissing a second patent action because "a patent plaintiff should not be permitted to avoid the adverse consequences of failing to assert all patent claims in a pending action by simply filing a new patent action").

The Court of Appeals for the Ninth Circuit applies the "transaction test," developed in the claim preclusion context, to determine whether a plaintiff is engaged in claim-splitting. See Adams, 487 F.3d at 688-89. Under this "transaction

-17-

1   test," the Court determines whether successive causes of action are the same by

2   examining four criteria: "(1) whether rights or interests established in the prior

3   judgment would be destroyed or impaired by prosecution of the second action; (2)

4   whether substantially the same evidence is presented in the two actions; (3) whether

5   the two suits involve infringement of the same right; and (4) whether the two suits

6   arise out of the same transactional nucleus of facts." Id. (*quoting* Constantini v.

7   Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The last factor is the

8   most important element of the transaction test. See Id.

9          **2.**     **Duggan Has Engaged In Impermissible Claim-Splitting**

10         Here, it is indisputable that the claims that Duggan has asserted in In re Taco

11   Bell and in the instant case arise out of the same transactional nucleus of facts. (See

12   table *supra* at II.C.) "Whether two events are part of the same transaction or series

13   depends on whether they are related to the same set of facts and whether they could

14   conveniently be tried together." Adams, 487 F.3d at 689 (*quoting* Western Sys., Inc.

15   v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). In the instant lawsuit, Duggan alleges

16   that Defendants violated the Labor Code when they failed to properly compensate

17   him and other hourly non-exempt employees in each pay period since September 21,

18   2007. (RJN, Ex. 2, ¶ ¶ 16-18, 37-44.) Specifically, Duggan asserts that Defendants

19   made unlawful deductions for "required shoes" and that those deductions affected

20   his minimum wage rate and his final pay upon termination. (Id.) However, in In re

21   Taco Bell, Duggan asserts that since September 2003 (i.e., **the exact same pay**

22   **periods**), Defendants also failed to provide him meal and rest breaks, failed to

23   properly pay for accrued vacation, failed to properly reimburse him for business

24   expenses (including required shoes) and that these violations affected his minimum

25   wage rate, his final pay upon termination, and resulted in the issuance of improper

26   wage statements. (RJN, Ex. 1, ¶ ¶ 23(a)-(e), 47-56.) Duggan's choice to split these

27   wage claims arising from the **exact same pay periods** constitutes improper claim-

28   splitting. Such claim-splitting may have the effect of precluding absent class

-18-

1 members from bringing such claims and seeking such relief not only in future suits,

2 but if this suit is resolved prior to the resolution of <u>In re Taco Bell</u>, it bars such relief

3 in that lawsuit as well.

### 3. Claim-Splitting Renders Duggan And His Counsel Inadequate

5   The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of

6 interest between named parties and the class they seek to represent. While Duggan's

7 Complaint pays lip service to Rule 23(a)(4), which permits certification only if the

8 representative parties will fairly and adequately protect the interests of the class,

9 Duggan and his counsel's claim-splitting creates an irreconcilable conflict between

10 his interests and those of the putative class in this case and in <u>In re Taco Bell</u> and

11 constitutes a dereliction of their fiduciary duties. A serious question of adequacy of

12 representation arises when a class representative professes himself willing to assert

13 on behalf of the class only certain claims as arise from the same transaction or

14 occurrence. Such action presents putative class members with significant risks of

15 being told later that they had impermissibly split a single cause of action. By

16 abandoning all potential claims of absent class members, Duggan and his counsel

17 have acted contrary to the interests of those absent members. For this reason,

18 Duggan and his counsel are irreparably inadequate and this Court should strike all

19 class allegations. Indeed, courts repeatedly have held that named plaintiffs are not

20 adequate class representatives if they split claims that could be pursued by some

21 absent class members. <u>See, e.g.</u>, <u>Sanchez v. Wal Mart Stores, Inc.</u>, No. 2:06–CV–

22 02573–JAMKJM, 2009 WL 1514435, at *3 (E.D.Cal. May 28, 2009) (finding that

23 plaintiff's "strategic claim-splitting decision creates a conflict between Plaintiff's

24 interests and those of the putative class, and renders Plaintiff an inadequate class

25 representative"); <u>Kruegger v. Wyeth, Inc.</u>, No. 03cv2496 JLS (AJB), 2008 WL

26 481956, at *2–*4 (S.D.Cal. Feb. 19, 2008) ("[T]he existence of claim-splitting

27 constitutes a compelling reason to deny class certification."); <u>City of San Jose v.</u>

28 <u>Superior Ct.</u>, 12 Cal. 3d 447, 464 (1974) (same; claims for "diminution in market

DEFENDANTS' NOTICE OF MOTION & MOTION TO
DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

1  value"); <u>Feinstein v. Firestone Tire & Rubber Co.</u>, 535 F. Supp. 595, 606-07

2  (S.D.N.Y. 1982) (class representatives inadequate when they asserted only claims

3  for breach of implied warranty of merchantability, not personal injury).

4      Furthermore, even if res judicata would not bar future claims, or the claims

5  asserted in <u>In re Taco Bell</u>, this Court cannot ignore the inference that Duggan and

6  his counsel hold different priorities and litigation incentives than the typical class

7  member.  Thus, the mere potential for the compromise of class members' claims

8  places Duggan in an irreconcilable conflict with those class members.  <u>See</u>, <u>e.g.</u>,

9  <u>Hilton v. Atlas Roofing Corp.</u>, No. 05-4204, 2006 WL 3524295, at *4 (E.D. La.

10  Dec. 5, 2006) (denying class certification: "[T]his Court finds that this issue-

11  splitting may endanger the claims of other class members and that such concerns

12  bring into question the adequacy of plaintiff as a class representative.")

13      Accordingly, because Duggan and his counsel have engaged in impermissible

14  claim-splitting, they are irreparably inadequate and this Court should strike all class

15  allegations without leave to amend.

## IV.  CONCLUSION

17      For the foregoing reasons, Defendants respectfully requests that this Court

18  grant its Motion, and dismiss Duggan's third cause of action and claim for waiting

19  time penalties in his fourth cause of action, without leave to amend.  Defendants

20  also requests that the Court strike Duggan's class allegations without leave to

21  amend, as amendment would be futile.

22  Dated:  December 9, 2011      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24          By _____
                      /s/ Morgan P. Forsey
25                  TRACEY A. KENNEDY
26                  MORGAN P. FORSEY
                    MARLENE M. NICOLAS
27              Attorneys for TACO BELL CORP. and
                TACO BELL OF AMERICA, INC.

28

-20-